IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES M. FERGUSON, # 355942         PETITIONER

VERSUS         CIVIL ACTION NO. 1:12cv175-HSO-RHW

STATE OF MISSISSIPPI         RESPONDENT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner James M. Ferguson's Petition for Writ of Habeas Corpus [1], pursuant to 28 U.S.C. § 2241. He is a pretrial detainee at the Harrison County Adult Detention Center, awaiting trial in State court for alleged aggravated domestic violence. He seeks dismissal of the State court criminal proceedings. The Court has considered and liberally construed the pleadings. For the reasons set forth below, this case should be dismissed.

### I. BACKGROUND

Ferguson alleges that he was arrested in April 2011, on a charge of aggravated domestic violence against his girlfriend. Specifically, the indictment accuses him of stabbing her. He is currently detained and awaiting trial, which is scheduled for August 2012. He complains, among other things, that he has not had a preliminary hearing and that there is insufficient evidence to support the charges. He also appears to complain that his State court appointed attorney would not ask for bond and wants Ferguson to plea bargain. He asks this Court to order the State court to release him and dismiss the indictment.

## II. DISCUSSION

Ferguson seeks dismissal of the aggravated domestic violence charge on grounds that there is no evidence he used a knife, and he was denied a preliminary hearing. He also feels his attorney is ineffective. Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). An exception is drawn based on the type of relief sought by the petitioner. *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a . . . defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283). This Court is without authority to abort the State criminal trial. *Dickerson*, 816 F.2d at 226. On the other hand, a federal court "may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Ferguson asks that he be released and that the State indictment be dismissed. He does not seek to enforce any procedures allegedly due him. Since federal habeas corpus is not available to abort the State trial here, this case should

be dismissed without prejudice.

## II. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 2nd day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE